# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

LOIS WILLIAMS-RAYNOR                              PLAINTIFF

v.                    No. 4:16CV00761 JLH

ARKANSAS DEPARTMENT OF HEALTH;
ABBY HOLT, Section Chief/Health Statistics Division,
in her individual and official capacities;
LYNDA LEHING, Branch Chief/Health Statistics Division,
in her individual and official capacities; and
SUSAN WILEY, Associate Director for Management
and Operations, in her individual and official capacities        DEFENDANTS

## OPINION AND ORDER

Lois Williams-Raynor is a black female who previously worked for the Arkansas Department of Health. She was working as a probationary employee for the Department when she was terminated on May 19, 2016. Department employees Abby Holt, Lynda Lehing, and Susan Wiley were involved in the firing decision. Williams-Raynor alleges that the Department fired her in retaliation for protected activity and because of her race in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e. She alleges Holt, Lehing, and Wiley racially discriminated against her in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1983. She has sued them in their official capacities for prospective relief and in their individual capacities for monetary relief. The defendants have moved for summary judgment.

A court should grant summary judgment if the evidence demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine dispute for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the moving party meets that burden, the nonmoving party must come forward

with specific facts that establish a genuine dispute of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). A genuine dispute of material fact exists only if the evidence is sufficient to allow a reasonable jury to return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). The Court must view the evidence in the light most favorable to the nonmoving party and must give that party the benefit of all reasonable inferences that can be drawn from the record. *Pedersen v. Bio-Med. Applications of Minn.*, 775 F.3d 1049, 1053 (8th Cir. 2015). If the nonmoving party fails to present evidence sufficient to establish an essential element of a claim on which that party bears the burden of proof, then the moving party is entitled to judgment as a matter of law. *Id.*

Williams-Raynor worked for the University of Arkansas for Medical Sciences, a state employer, from 1988 through 2016. On January 31, 2016, she began working for the Arkansas Department of Health as a Health Program Specialist III. Document #32 at ¶¶1-2. Williams-Raynor's position at the Department included supervisory duties. *Id.* ¶2. Theressia Mitchell was section chief in the Department when Williams-Raynor was hired and supervised Williams-Raynor until March 1, 2016, when Mitchell retired. *Id.* ¶¶3-4. Lynda Lehing, who worked as branch chief in the Department, took on Mitchell's duties until April 11, 2016, at which time Abby Holt was hired as section chief. *Id.* ¶¶4-5. Susan Wiley served as the branch administrator and supervised Lehing. Document #30-4 at 32. In other words, the chain of command in the Department was as follows: Williams-Raynor reported to Holt; Holt reported to Lehing; and Lehing reported to Wiley. *Id.*

On April 7, 2016, Williams-Raynor evaluated a black employee who was under her direct supervision and had been placed on a performance improvement plan. Document #30-1 at 21. On May 9, 2016, Lehing, Holt, and Williams-Raynor met with the employee to review Williams-Raynor's evaluation of the employee. Document #32 at ¶10. The meeting was cut short, however, when Williams-Raynor stated, in the midst of the meeting, that she needed to revise and recalculate her evaluation report of the employee. Document #30-1 at 71. Williams-Raynor does not dispute that her report contained errors. Document #38 at 5, 17. She exchanged emails with Lehing and Holt following the meeting concerning her revisions and recalculations. Document #30-2 at 37-39. Lehing and Holt asked John Guire, the quality assurance coordinator in the Department, to review the employee's performance, but after learning that the employee had filed a sexual harassment grievance against Guire, Lehing and Holt hired a third party contractor to review the employee. Document #38 at 6-8.

On May 17, 2016, Williams-Raynor requested to meet with Holt, and a meeting took place that afternoon. Document #38 at 14. Lehing also attended the meeting. *Id.* On the morning of May 17, 2016, before the meeting took place, Holt and Lehing met with a Department employee in human resources to review a counseling statement regarding issues with Williams-Raynor that Holt had prepared. *Id.* at 18; Document #30-4 at 35. The counseling statement noted Holt's concerns over Williams-Raynor's supervision of and communication with Department staff. Document #36-13. Holt and Lehing believed they had grounds to terminate Williams-Raynor. Document #30-4 at 36. At the afternoon meeting, Williams-Raynor raised concerns she had regarding disparate treatment of employees under her supervision and regarding her supervisory role. Document #36-7 at 6-7. Williams-Raynor testified that she did not tell Holt and Lehing that she thought the

3

employees were being treated differently because of their race. Document #30-1 at 86, 93-94. The EEOC investigator also noted in the intake interview summary that Williams-Raynor "admit[ted] that she made no mention of racial animus or discrimination during the meeting." Document #36-18.

On May 18, 2016, Williams-Raynor directed the staff under her supervision to have no communications with Guire without first obtaining her approval. Document #38 at 22-24. She sent an email to Holt notifying Holt of this action. Document #36-15. Holt testified that this directive from Williams-Raynor violated the Department's practices, and she began preparing an additional counseling statement addressing the violation. Document #30-4 at 35-37; Document #38 at 24. On May 19, 2016, Wiley terminated Williams-Raynor without providing her with the counseling statements Holt and Lehing had prepared. Document #38 at 19, 38. Williams-Raynor says that Department policy required probationary employees to be provided with a counseling statement before being terminated. *Id.* at 19.

Because Williams-Raynor offers no direct evidence of unlawful retaliation or discrimination, each of Williams-Raynor's claims are analyzed under the well-known *McDonnell Douglas* burden-shifting framework. *See Chism v. Curtner*, 619 F.3d 979, 983 n.3 (8th Cir. 2010), *overruled on other grounds by Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011) (noting that the court "analyze[s] Title VII, § 1981, and § 1983 claims under the same framework"). Under this framework, she must first establish a prima facie case of retaliation and intentional discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04, 93 S. Ct. 1817, 1824-25, 36 L. Ed. 2d 668 (1973).

Williams-Raynor argues that the Department fired her in retaliation for her protected activity at the May 17 meeting she had with Holt and Lehing. Specifically, she alleges that she was fired because she complained to Holt and Lehing that black employees were being treated less favorably than white employees in violation of Title VII makes it unlawful for an employer to discriminate, for example by retaliation, against its employees for opposing any unlawful employment practice. 42 U.S.C. § 2000e-3(a). A prima facie case of retaliation requires a plaintiff to show: (1) she engaged in protected activity, (2) she suffered an adverse employment action, and (3) her protected activity was a but-for cause of the adverse employment action. *Shirrell v. St. Francis Med. Ctr.*, 793 F.3d 881, 888 (8th Cir. 2015).

The defendants contend that Williams-Raynor has not shown that she engaged in protected activity, and even if she did, the defendants say that Williams-Raynor cannot show the requisite causal connection between the activity and the termination. There is no evidence in the record that Williams-Raynor complained of race discrimination at the May 17 meeting or that her comments at that meeting were the but-for cause of the Department's decision to terminate her. Instead the record shows that the Department's decision to fire Williams-Raynor was motivated by her performance. Holt and Lehing drafted a counseling statement concerning issues with Williams-Raynor's performance and met with human resources to discuss her termination before the May 17 meeting at which Williams-Raynor claims to have engaged in protected activity. Williams-Raynor does not dispute this sequence. Additional issues following the meeting reinforced the Department's decision to terminate her. Williams-Raynor has not established a prima facie case of retaliation.

Williams-Raynor's racial discrimination claims against Holt, Lehing, and Wiley also fail. A prima facie case of racial discrimination requires a showing that: (1) the plaintiff was a member

5

of a protected class; (2) she was meeting the employer's legitimate job expectations; (3) she suffered an adverse employment action; and (4) there are facts that give rise to an inference of unlawful discrimination. *See Burton v. Arkansas Sec'y of State*, 737 F.3d 1219, 1229 (8th Cir. 2013). Williams-Raynor concedes that she made mistakes in her evaluation report and also concedes that she violated Department practices in directing her staff as she did regarding communications with Guire. These incidents, along with the counseling statement prepared before the May 17 meeting, constitute evidence that Williams-Raynor was not meeting the Department's legitimate expectations. Williams-Raynor argues that the Department's failure to provide her with a counseling statement before termination, an alleged violation of Department policy, is evidence of unlawful discrimination. That argument goes to the fourth element of her prima facie case. Other than a bald, one-sentence assertion, she makes no argument on the issue of whether she was meeting the Department's legitimate expectations. Williams-Raynor has not established a prima facie case of racial discrimination against Holt, Lehing, or Wiley.

For the foregoing reasons, the defendants' motion for summary judgment is GRANTED. Document #30. Williams-Raynor's retaliation claim against the Department and racial discrimination claims against Holt, Lehing, and Wiley in their official and individual capacities are dismissed with prejudice.

IT IS SO ORDERED this 18th day of September, 2018.

                                                   J. LEON HOLMES
                                                   UNITED STATES DISTRICT JUDGE